IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HASSAN SADER, et al.          *

    Plaintiffs          *

                                *

    vs.                       *    CIVIL ACTION NO. MJG-02-1892

                                *

AMERICAN AIRLINES, INC.,
et al.                        *

    Defendants          *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss and/or Strike and the materials submitted relating thereto. The Court has conferred with counsel and finds that neither a formal response from Plaintiff nor a formal hearing is necessary.

### I.   BACKGROUND

Plaintiffs Hassan Sader ("Sader") and The American Arab Anti-discrimination Committee ("ADC") allege that, on October 31, 2001, American Airlines, Inc. ("AA") employees compelled Sader to leave a scheduled flight because of his national origin. Plaintiffs sue AA and its parent corporation, AMR Corporation ("AMR") seeking compensatory and punitive damage and injunctive relief.

By the instant motion, Defendants seek dismissal/striking of ADR as a Plaintiff, AMR as a Defendant and certain of Plaintiffs' claims for relief.

II. **LEGAL STANDARD**

The Court must deny a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). "The question is whether in the light most favorable to the Plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 336 (2d ed. 1987). The Court, when deciding a motion to dismiss, must consider the well-pled allegations in a complaint as true and must construe those allegations in favor of the Plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). The Court must further disregard the contrary allegations of the opposing party. A.S. Abell Co. v. Chell, 412 F.2d 712, 715 (4th Cir. 1969).

III. <u>DISCUSSION</u>

   A. <u>AMR</u>

Apparently, AMR is the parent of AA. As such, it is possible in some circumstances - albeit circumstances that may well not exist herein - for AMR to have vicarious responsibility for the torts of employees of AA. Dismissal is not appropriate but Plaintiffs may wish to consider voluntarily dismissing claims against AMR if and when they are satisfied that vicarious liability is unobtainable.

   B. <u>ADC</u>

There may be serious questions as to the ability of ADC to obtain relief of the type sought herein. Nevertheless, in the interest of efficiency, the Court will bifurcate the case, try the underlying liability questions and then consider the standing of ADC and relief, if any, to which it might be entitled.

   C. <u>Injunctive/ Declaratory Relief</u>

It is inappropriate to resolve at the instant dismissal the extent to which either Plaintiff could obtain injunctive or declaratory relief on any conceivable set of facts. On the other hand, the Court cannot conclude that neither Plaintiff would be

entitled to injunctive or declaratory relief upon any conceivable set of facts.

    D.    <u>Damages</u>

Defendants argue that damages for emotional distress are unavailable on Plaintiffs' Title VI claim. Even if this be the case, it appears that such damages would be available on Sader's Section 1981 claim.

Defendants contend that the punitive damages claims should be dismissed because the facts, as alleged, would not support a punitive damages award. The Court, cognizant of the function of notice pleading, does not find it appropriate to dismiss the punitive damages claim. Although perhaps unlikely, there are conceivable sets of facts that might support a punitive damages claim.

IV.    <u>CONCLUSION</u>

For the foregoing reasons:

    1.    Defendants' Motion to Dismiss is DENIED WITHOUT PREJUDICE

    2.    Defendants' Motion to Strike is DENIED WITHOUT PREJUDICE.

    3.    The case shall proceed pursuant to the Scheduling Order and Trial Scheduling Order being issued herewith.

SO ORDERED this 10th day of September, 2002.

_____
Marvin J. Garbis
United States District Judge